

FILED

2007 DEC 14 PM 1:50

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY

DARRYL M. WOO (CSB NO. 100513)
*dwoo@fenwick.com*
RODGER R. COLE (CSB NO. 178865)
*rcole@fenwick.com*
JENNIFER L. KELLY (CSB NO. 193416)
*jkelly@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
MARY E. MILIONIS (CSB NO. 238827)
*mmilionis@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Plaintiffs
CAPCOM CO., LTD. and CAPCOM U.S.A., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAPCOM CO., LTD., and CAPCOM U.S.A., INC.,

Plaintiffs,

v.

CONWAY HO, an individual; HANAHO GAMES, INC.; GOODTIME NOVELTY, INC., d/b/a CHICAGO GAMING CO.; DOUGLAS DUBA, an individual,

Defendants.

Case No. CV07-08150 JFW (FFMx)

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

**BY FAX**

Plaintiffs Capcom Co., Ltd. and Capcom U.S.A., Inc. (jointly, "Plaintiffs") for their Complaint against Defendants Conway Ho, HanaHo Games, Inc., Goodtime Novelty, Inc. (d/b/a Chicago Gaming, Inc.), and Douglas Duba (collectively, "Defendants") allege:

**JURISDICTION AND VENUE**

1. This is an action for direct, contributory, and vicarious copyright



FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

infringement arising from Defendants' violation of Plaintiffs' exclusive rights under 17 U.S.C. Section 106. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

2. This Court has personal jurisdiction over all of the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

3. Plaintiff Capcom Co., Ltd. ("Capcom Japan") is a company organized and existing under the laws of the country of Japan, with its principal place of business in Osaka, Japan.

4. Plaintiff Capcom U.S.A., Inc. ("Capcom USA"), a wholly-owned subsidiary of Capcom Japan, is a company organized and existing under the laws of the State of California, licensed to do business in California, with its principal place of business in San Mateo, California. *Inter alia*, Capcom USA assists in the distribution of Capcom video game titles in the North American market. It is also the registered owner of two of the copyrighted works at issue in this litigation.

5. On information and belief, Defendant HanaHo Games, Inc. ("HanaHo Games"), is a California corporation with its principal place of business at 13584 Bentley Place, Cerritos, California, in Los Angeles County, State of California, within the Central District of California.

6. On information and belief, Defendant Conway Ho ("Conway Ho," or "Ho") is a resident of the County of Orange, State of California, within the Central District of California. On further information and belief, Ho is a director, officer, agent and/or owner in whole or in part of HanaHo Games.

7. On information and belief, Defendant Goodtime Novelty, Inc. ("Goodtime Novelty") is an Illinois corporation with its principal place of business at 4616 W. 19th Street, Cicero, Illinois. On further information and belief, Goodtime Novelty sells, or offers to sell, products containing infringing versions of

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Plaintiffs' copyrighted works in this district, either directly or through distributors, and has entered into an agreement with HanaHo Games related to its sale of its infringing products, as further alleged below.

8. On information and belief, Defendant Douglas Duba ("Duba") is a director, officer, agent, and/or owner in whole or in part of Goodtime Novelty. As discussed below, Duba signed the agreement with HanaHo Games that led to the infringing acts described below on behalf of Goodtime Novelty, and directed, controlled or ratified Goodtime Novelty's unlicensed and unauthorized acts of infringement, as further alleged below.

**PLAINTIFFS' COPYRIGHT REGISTRATIONS**

9. Capcom Japan distributes home video game software for leading game consoles and handheld systems, including the Microsoft Xbox 360™ and PLAYSTATION®3 consoles. Its award-winning video game titles have sold millions of units around the world, including within the United States and the Central District of California. It also develops, produces, and distributes coin-operated arcade game software in Japan and licenses its copyrighted software to other companies for development on other platforms and/or in other geographical regions, including the United States and the Central District of California.

10. Capcom Japan has invested millions of dollars in developing, producing, and licensing its video game properties and, accordingly, takes measures to protect its intellectual property and the fruits of its labors. To that end, Capcom Japan regularly registers its properties with the United States Copyright Office.

11. Some of the dozens of Capcom Japan's copyrighted video games include:

| Copyrighted Work | Reg. No. | Registration Date |
|---|---|---|
| 1942 | PA0000291862 | July 7, 1986 |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

| Copyrighted Work | Reg. No. | Registration Date |
|---|---|---|
| 1943--The Battle of Midway | PA0000327705 | June 26, 1987 |
| Black Tiger | PA0000335216 | August 13, 1987 |
| Captain Commando | PA0000570672 | February 25, 1992 |
| Ghouls 'n Ghosts | PA0000415062 | June 6, 1989 |
| Magic Sword | PA0000528273 | July 10, 1991 |
| Mega Man | PAu001017404 | October 20, 1987 |
| Section Z | PA0000291860 | July 7, 1986 |

These federal registrations are valid, in force and effect and constitute evidence of Capcom Japan's exclusive rights in the aforementioned copyrighted works.

12. Furthermore, pursuant to an assignment from Capcom Japan, Capcom USA is the owner of the copyrights in three additional works registered with the United States Copyright Office: Final Fight (Reg. No. PA0000449204), Street Fighter II (Reg. No. PA0000529405), and Street Fighter II Championship Edition (Reg. No. PA0000562330). The federal registrations are valid, in force and effect and constitute evidence of Capcom USA's exclusive rights in the aforementioned copyrighted works.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## HO'S LIMITED LICENSE AND DEFENDANTS' COPYRIGHT INFRINGEMENT

13. On or about June 14, 1999, Capcom Entertainment, Inc. ("CEI"), a wholly-owned subsidiary of Capcom USA, entered into an agreement with Conway Ho granting Ho a license to convert, develop and distribute certain Capcom video game titles (the "1999 Agreement"), only within the United States, and only "for use with IBM PC compatible computers ("PC Platform")" or embedded in a specific hardware device produced by Ho identified therein as the "Hotrod

machine."

14. Because Capcom derives significant revenue from licensing its video games in different formats and for different markets, Ho's agreement to be bound by the terms and restrictions of the 1999 Agreement was at least a substantial factor and material consideration for granting Ho the limited license.

15. On information and belief, in or about April 2006, Defendant HanaHo Games, by and through its President, Conway Ho, entered into an agreement with Defendant Goodtime Novelty, by and through its Vice President, Douglas Duba. Under this agreement, HanaHo Games would provide video game-related hardware and software to Goodtime Novelty. On further information and belief, Goodtime Novelty would and did use this hardware and software to manufacture and distribute a non-coin-operated, consumer version of arcade-style video games, designed to play multiple arcade games, for sale to consumers. As more fully alleged below, such activities with respect to Capcom copyrighted works, are outside the permissible scope of the 1999 Agreement and thus constitute infringement.

16. On further information and belief, in or about July 2006, Conway Ho entered into a separate agreement with Defendant Goodtime Novelty, by and through its Vice President, Douglas Duba. Under this agreement, Ho purported to provide distribution rights to Goodtime Novelty for fifteen Capcom video games, to be run on hardware supplied by HanaHo Games under its April 2006 agreement with Goodtime Novelty, in exchange for which Goodtime Novelty would pay royalties to Ho.

17. On information and belief, pursuant to its agreements with HanaHo Games and Conway Ho, in 2006 Goodtime Novelty began marketing and distributing two multi-game arcade machines, marketed as the Arcade Legends 2 and the Ultimate Arcade 2, each containing up to 15 Capcom video games. On further information and belief, both HanaHo Games and Conway Ho received

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

royalties from Goodtime Novelty based on sales of the Arcade Legends 2 and Ultimate Arcade 2 products, including royalty payments to Ho for each Capcom game included in these products.

18. As part of the arrangement between HanaHo Games and Goodtime Novelty, on information and belief, HanaHo Games (through Conway Ho) provided to Goodtime Novelty various versions of Capcom Japan's and Capcom USA's copyrighted works in a product HanaHo Games describes as the Hotrod Embedded Board, but which is in fact a different product altogether from that authorized under Conway Ho's 1999 Agreement with CEI and was in fact not authorized under that agreement.

19. On information and belief, without Plaintiffs' authorization, the Arcade Legends 2 and Ultimate Arcade 2 products manufactured and distributed by Goodtime Novelty, and which incorporate the Hotrod Embedded Board – and from which HanaHo Games and Conway Ho derived royalties – contained numerous video games owned by Capcom Japan or Capcom USA, including without limitation the games registered with the Copyright Office and noted above. Those include, for example: (1) 1942; (2) 1943--The Battle of Midway; (3) Black Tiger; (4) Captain Commando; (5) Final Fight; (6) Ghouls 'n Ghosts; (7) Magic Sword; (8) Mega Man; (9) Section Z; (10) Street Fighter II; and (11) Street Fighter II Championship Edition.

20. The 1999 Agreement permits neither Conway Ho nor HanaHo Games to reproduce or distribute Capcom's copyrighted works in the form in which, on information and belief, they were and are still being delivered to Goodtime Novelty – to wit, on the Hotrod Embedded Board product. Nor does the 1999 Agreement permit Goodtime Novelty to distribute such unauthorized copies of Capcom's copyrighted works to its customers via its products, Arcade Legends 2 and Ultimate Arcade 2. Consequently, Defendants' sales and distribution of Plaintiffs' copyrighted titles are unauthorized and at a minimum, constitute acts of

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

infringement and misappropriation.

**CLAIM FOR RELIEF**
**(Copyright Infringement (Direct, Contributory and Vicarious))**
[17 U.S.C. §§ 101 *et seq.*]

21. Plaintiffs incorporate by reference all the allegations of paragraphs 1 through 20, inclusive.

22. Plaintiffs have complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et seq.*, and all other laws governing copyright, with respect to the works identified above, and are the owners of valid federal copyright registrations in these works.

23. Defendants' conduct violates the exclusive rights belonging to Plaintiffs as owners of the copyrights in their respective video game titles, including without limitation, Plaintiffs' rights under 17 U.S.C. Section 106. Specifically, on information and belief, the Arcade Legends 2 and Ultimate Arcade 2 products, as well as hardware and/or software provided by Defendants Conway Ho and/or HanaHo Games to Goodtime Novelty for use in the Arcade Legends 2 and Ultimate Arcade 2 products, contain significant material portions of Plaintiffs' copyrighted video game titles or derivative works created from such copyrighted video game titles. By copying, reproducing, displaying, adapting, exhibiting, and/or distributing the above-identified copyrighted video game titles as described hereinabove, Defendants have directly infringed and, unless restrained, will continue to infringe Plaintiffs' exclusive rights in their copyrighted works.

24. On information and belief, each of the Defendants, through (a) their active participation in the infringing conduct of each other and of third parties; (b) their assistance of and material contribution to each other and third parties in the infringing conduct; (c) their supervision of and ability to control or halt the infringing conduct of each other and third parties; (d) the substantial, direct

financial benefits that each of the Defendants has derived and continues to derive from the acts described above, with knowledge of their unlawfulness, is contributorily and vicariously liable for the infringing conduct of each of the other Defendants and of third parties.

25. Plaintiffs have never authorized Defendants, by license, assignment, transfer or otherwise, to copy reproduce, display, adapt, exhibit, and/or distribute their copyrighted video game titles, nor was any Defendant authorized under the 1999 Agreement to copy, reproduce, display, adapt, exhibit, and/or distribute their copyrighted video game titles for use in any non PC-based multi-game arcade machine or product, including the Hotrod Embedded Board, Arcade Legends 2 and/or Ultimate Arcade 2 products.

26. On information and belief, Defendants' acts of infringement as alleged herein were committed knowingly, intentionally, willfully, and without regard for Plaintiffs' rights.

27. On information and belief, as a direct and proximate result of their wrongful conduct, each of the Defendants has deprived and will continue to deprive Plaintiffs of gains, revenues, royalties and/or business advantages that they would otherwise enjoy, and have realized and continue to realize profits and other benefits rightfully belonging to Plaintiffs.

28. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and other damage to Plaintiffs in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiffs with no adequate remedy at law.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. That Defendants, and each of them, be held liable for direct, contributory, and/or vicarious infringement of Plaintiffs' copyrights in violation of

the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, as alleged herein;

B. Preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiffs' copyrighted articles or copyrighted material without Plaintiffs' consent, or otherwise infringing Plaintiffs' copyrights or other rights in any manner;

D. Awarding Plaintiffs actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiffs their reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

F. Awarding Plaintiffs their costs of this suit, including expert witness costs, pursuant to 17 U.S.C. § 505 and any other applicable laws and/or rules; and

F. Awarding Plaintiffs such other and further relief as is just and proper.

Dated: December 13, 2007

FENWICK & WEST LLP

By: ______________________
Jennifer L. Kelly

Attorneys for Plaintiffs
CAPCOM CO., LTD. and CAPCOM U.S.A., INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**DEMAND FOR TRIAL BY JURY**

Plaintiffs Capcom Co., Ltd. and Capcom U.S.A., Inc. hereby demand a trial by jury.

Dated: December 13, 2007

FENWICK & WEST LLP

By: ______________________
Jennifer R. Kelly

Attorneys for Plaintiffs
CAPCOM CO., LTD. and CAPCOM U.S.A., INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW